# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| JAQUENTEZ MYERS, § | |
| § | |
| Movant, § | |
| § | Civil No. 4:16-CV-719-O |
| v. § | (Criminal No. 4:15-CR-115-O (1)) |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

## OPINION AND ORDER

Before the Court is Jaquentez Myers's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence. ECF No. 1. He claims that the Court erred in calculating his sentence under the advisory United States Sentencing Guidelines ("U.S.S.G."), and that his counsel was ineffective for failing to challenge the Court's Guidelines calculation. Because his first claim is not cognizable here and his second claim lacks merit, the Court denies his Section 2255 motion with prejudice.

## Applicable Background

Myers pleaded guilty to unlawful possession of a firearm. *See United States v. Myers*, No. 4:15-cr-115-O-1 (N.D. Tex.), ECF No. 34. A Presentence Report ("PSR") was prepared. *See United States v. Myers*, No. 4:15-cr-115-O-1 (N.D. Tex.), ECF No. 23. Because Myers had two prior Texas convictions for burglary, the PSR set his offense level at 24 under U.S.S.G. § 2K2.1(a)(2). *See id.* at 7-8 ("[Myers] has two prior crimes of violence convictions for Burglary of a Habitation"); *see also* U.S.S.G. § 2K2.1(a)(2) (setting the defendant's offense level at 24 if he committed the instant firearms-offense "after sustaining at least two felony convictions of either a crime of violence or

-1-

controlled substance offense). His resulting Guidelines sentence was 70 to 87 months' imprisonment. *See United States v. Myers*, No. 4:15-cr-115-O-1 (N.D. Tex.), ECF No. 23 at 16. The Court adopted the PSR and sentenced Myers to 78 month's imprisonment with a three-year term of supervised release. *See United States v. Myers*, No. 4:15-cr-115-O-1 (N.D. Tex.), ECF No. 34.

Myers appealed his sentence. On direct appeal, he argued that the Court erred "by increasing his sentence based on two prior Texas convictions for burglary of a habitation that were deemed 'crimes of violence'" under the U.S.S.G because the "Texas definition of burglary of a habitation is broader than the generic definition of burglary of a dwelling" and the Texas burglary statute "is not divisible." *See United States v. Myers*, 688 F. App'x 276, 276-77 (5th Cir. 2017). The United States Court of Appeals for the Fifth Circuit rejected Myers's arguments. *See id.* at 277.

Myers now claims that his due process rights were violated when the Court counted his prior burglary convictions as crimes of violence because "[t]he generic felonies in application note 1 [to U.S.S.G. § 2K2.1] must be evaluated under the categorical approach" and "the residual clause is now void for vagueness." *See* ECF No. 1 at 7. He also claims that his counsel was ineffective by failing to so challenge the Court's Guidelines calculations. *See id.*

## Discussion

<u>Myers's Due Process Challenge Lacks Merit</u>

Myers's due-process challenge is not cognizable in this collateral proceeding. He attacks head-on the Court's Guidelines calculations, arguing that if the Court had properly applied the categorical approach, it would have concluded that his prior Texas burglary convictions were not crimes of violence as defined in Section 2K2.1. However, "[s]ection 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will

result in a miscarriage of justice if left unaddressed" and "[m]isapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in [Section] 2255 motions." *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (citation omitted). Therefore, Myers cannot argue here that the Court erred in applying the categorical approach to his prior burglary convictions as it calculated his Guidelines sentence. *See, e.g.*, *Fisher v. United States*, No. 4:17-cv-50, 2017 WL 3781855, at *2 (E.D. Tex. July 13, 2017), *rec. adopted* 2017 WL 3725295 (E.D. Tex. Aug. 28, 2017) ("[R]elief is unavailable under § 2255 based on *Mathis* [*v. United States*, 136 S. Ct. 2243 (2016)]" because "the technical application of the Sentencing Guidelines does not raise an issue of constitutional dimension for purposes of § 2255 proceedings."); *see also Reeves v. United States*, No. 4:17-cv-268-O, Dkt. No. 3 at 3 (N.D. Tex. Dec. 4, 2017) (same).

Moreover, Myers raised, and the Fifth Circuit rejected, that precise claim on direct appeal. *See Myers*, 688 F. App'x at 277 (holding that the Court properly applied the modified categorical approach—and so correctly consulted the relevant underlying state-court documents—when it calculated Myers's offense level). So that claim is not cognizable in this collateral proceeding. *See United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions.").

And Myers's related claim—that the U.S.S.G.'s definition of "crime of violence" is void for vagueness—is foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 889, 892 (2017). In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act," 18 U.S.C. § 924(e)(2)(B)(ii)—which clause defines a "violent felony" as one "involv[ing] conduct that

presents a serious potential risk of physical injury to another"—"violates the Constitution's guarantee of due process," 135 S. Ct. at 2563. But *Beckles* held that, unlike the criminal statute at issue in *Johnson*, "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." 137 S. Ct. at 892. Thus there is no merit to Myers's claim that U.S.S.G. § 2K2.1's definition of crime of violence—which incorporates by reference the definition used in U.S.S.G. § 4B1.2—is unconstitutionally vague. *See Woodson v. United States*, 701 F. App'x 779, 780-81 (11th Cir. 2017) ("In *Beckles*, the Supreme Court recently affirmed that the advisory Sentencing Guidelines are not subject to the same vagueness challenge under the Due Process Clause as the [Armed Career Criminal Act], and, thus, the residual clause in § 4B1.2(a)(2) is not subject to vagueness challenges."); *see also United States v. Martinez*, 682 F. App'x 304, 304 (5th Cir. 2017) (*Beckles* "squarely held that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process clause.").

Myers's Ineffective Assistance of Counsel Claim is Meritless

Myers also claims that his counsel was ineffective for failing to challenge the Court's conclusion that his prior Texas burglaries were crimes of violence under U.S.S.G. § 2K2.1(a). *See* ECF No. 1 at 7. To prevail on his ineffective assistance claim, Myers must establish both that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-91, 694 (1984).

At the time Myers was sentenced, the Court's Guidelines calculations—specifically, the treatment of Myers's prior burglary convictions as crimes of violence—accorded with the law in this Circuit. *See Myers*, 688 F. App'x at 276 (holding that Myers's burglary convictions were crimes of violence under Section 2K2.1(a)) (citing *United States v. Conde-Castaneda*, 753 F.3d 172, 175-79

-4-

(5th Cir. 2014)). It follows that Myers's cannot show that his counsel was deficient for failing to challenge the Court's conclusion that his burglaries were crimes of violence under the Guidelines. And, because the Court was correct in its calculation, Myers cannot show that he was prejudiced by counsel's decision not to object to it. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

The Court is aware that the Fifth Circuit is reconsidering, *en banc*, whether Texas burglary is divisible after *Mathis*. *See United States v. Herrold*, No. 14-11317, 603 F. App'x 272 (5th Cir. July 7, 2017) (granting rehearing *en banc*). Even if *Herrold* changes the law in this Circuit by holding that Texas's burglary statute is not divisible, Myers's counsel cannot be deemed ineffective for failing to challenge the Court's Guidelines calculations at his sentencing. When Myers was sentenced in 2015, before *Mathis* was announced, *Conde-Castaneda* required the Court to treat Texas's burglary statute as divisible. *See Conde-Castaneda*, 753 F.3d at 175-79. And Myers's counsel, of course, was under no duty to anticipate that *Herrold* might one day overrule *Conde-Castaneda*. *See Cooks v. United States*, 461 F.2d 530, 532 (5th Cir. 1972) ("Clairvoyance is not a required attributed of effective representation.").

**Evidentiary Hearing**

Upon review of the motion to vacate and the files and records of this case, the Court need not hold an evidentiary hearing to resolve Myers's claims. No evidentiary hearing is required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). As explained above, the matters reviewed by the Court conclusively show that Myers is entitled to no relief.

**Certificate of Appealability**

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability. Myers has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 48 (2000).

In the event that Myers elects to file a notice of appeal, the Court notes that he will need to pay the appellate filing fee or submit a motion to proceed *in forma pauperis*.

**Conclusion**

This Section 2255 motion is **DENIED** with prejudice as meritless.

**SO ORDERED** this **8th day of February, 2018**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**